# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR OCHOA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>FEDERAL DISTRICT COURTS,<br><br>　　　　Respondent. | Case No. 1:16-cv-00575-DAD-SAB-HC<br><br>ORDER GRANTING PETITIONER LEAVE TO FILE A MOTION TO AMEND THE PETITION AND NAME A PROPER RESPONDENT<br><br>ORDER TO SHOW CAUSE |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

**A. Leave to Amend Petition to Name a Proper Respondent**

In this case, Petitioner names "Federal District Courts" as the Respondent. It is insufficient to name "Federal District Courts" as the Respondent. A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the

respondent to the petition. Rule 2(a), Rules Governing Section 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated. Smith v. Idaho, 392 F.3d 350, 355 (9th Cir. 2004); Stanley, 21 F.3d at 360. However, the chief officer in charge of state penal institutions is also appropriate. Ortiz-Sandoval, 81 F.3d at 894; Stanley, 21 F.3d at 360.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of personal jurisdiction. Stanley, 21 F.3d at 360. However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility or the chief officer in charge of state penal institutions. See Dubrin v. California, 720 F.3d 1095, 1100 (9th Cir. 2013) (petitioner should be granted leave to amend petition to name proper respondent). In the interests of judicial economy, Petitioner need not file an amended petition. Instead, Petitioner may file a motion entitled "Motion to Amend the Petition to Name a Proper Respondent" wherein Petitioner may name the proper respondent in this action.

**B. Exhaustion**

Also, it appears that Petitioner may have failed to exhaust his claims in the instant petition. A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

Here, it is unclear whether Petitioner raised his claims before the California Supreme Court. If Petitioner has not sought relief in the California Supreme Court, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). It is possible, however, that

Petitioner has presented all of his claims to the California Supreme Court and failed to indicate this to the Court. Thus, Petitioner must inform the Court whether each of his claims has been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court that includes the claims now presented and a file stamp showing that the petition was indeed filed in the California Supreme Court.

### C. Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). As the instant petition was filed on April 25, 2016, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. In this case, it is unclear when direct review became final. The petition only states that Petitioner was convicted on January 29, 2009, and appealed to the California Court of Appeals, Fifth Appellate District. (ECF No. 1 at 1, 3).[1] Petitioner had one year from the conclusion of direct review, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. Despite the lack of pertinent information, it appears that Petitioner may have filed the instant petition beyond the expiration of the statute of limitations since Petitioner explains that his "delay in claimed grounds for relief" was due to not having "new evidence." (ECF No. 1 at 3). Thus, Petitioner must inform the Court of the following: (1) when the California Court of Appeals issued its decision on his direct appeal; (2) whether Petitioner sought relief in the California Supreme Court; and (3) if so, when the California Supreme Court issued its decision.

　　　　1.　Statutory Tolling Pursuant to 28 U.S.C. § 2244(d)(2)

Section 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. Petitioner states that he currently has a state habeas corpus petition "in process seeking relief through SB 261 bill." (ECF No. 1 at 4). If the limitations period had already expired at the time the state collateral challenge was filed, the collateral challenge has no tolling consequences. See Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000). Thus, Petitioner must inform the Court of when he filed this state habeas corpus petition. Petitioner also must inform the Court if he filed any other state habeas corpus petitions, when they were filed, and the date of the state court's decisions on those petitions.

　　　　2.　Equitable Tolling

The limitations period also is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631,

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of alleging facts that would give rise to tolling. Id.; Pace, 544 U.S. at 418. Petitioner argues that his delay in filing the instant federal petition was due to not having new evidence. However, Petitioner does not explain how not having new evidence prevented him from timely filing. Petitioner also does not demonstrate that he has been pursuing his rights diligently.

## II.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is GRANTED **THIRTY (30) days** from the date of service of this order in which to file a motion to amend the petition to name a proper respondent;

2. Petitioner is ORDERED to SHOW CAUSE within **THIRTY (30) days** from the date of service of this order why the petition should not be dismissed for failure to exhaust state remedies; and

3. Petitioner is ORDERED to SHOW CAUSE within **THIRTY (30) days** from the date of service of this order why the petition should not be dismissed for violating the limitations period of 28 U.S.C. § 2244(d).

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action). Failure to amend the petition and state a proper respondent will result in the petition being dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated:   **May 25, 2016**

UNITED STATES MAGISTRATE JUDGE