# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR OCHOA,<br><br>  Petitioner,<br><br>  v.<br><br>FEDERAL DISTRICT COURTS,[1]<br><br>  Respondent. | Case No. 1:16-cv-00575-DAD-SAB-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

On April 20, 2016,[2] Petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1). On May 25, 2016, the Court ordered Petitioner to show cause why the petition should not

---

[1] The Court notes that Petitioner has not named a proper Respondent, such as the warden of the facility in which he is held or the chief officer in charge of state penal institutions. See Rule 2(a), Rules Governing Section 2254 Cases; Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004); Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996). The Court previously gave Petitioner an opportunity to amend the name of Respondent, but Petitioner failed to do so. Moreover, amendment is futile because the Court recommends that the petition be dismissed for nonexhaustion and untimeliness.

[2] Pursuant to the mailbox rule, a *pro se* prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988)). See also Rule 3(d), Rules Governing Section 2254 Cases. Petitioner has submitted a proof of service by mail for the petition showing he mailed it on April 20, 2016. (ECF No. 1 at 5).

be dismissed for nonexhaustion and untimeliness. (ECF No. 6). On May 25, 2016, the order to show cause was served on Petitioner and contained notice that a response should be filed within thirty days of the date of service of the order. Over thirty days have passed and Petitioner has not responded to the Court's order to show cause.

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

**A. Exhaustion**

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

Here, it is unclear whether Petitioner raised his claims before the California Supreme Court. It is possible that Petitioner presented all of his claims to the California Supreme Court and failed to indicate this to the Court, but as Petitioner has not responded to the order to show cause, it appears that Petitioner failed to exhaust his claims in the instant petition. If Petitioner has not sought relief in the California Supreme Court, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1).

**B. Statute of Limitations**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA imposes various requirements on all petitions for writ of

habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. In this case, it is unclear when direct review became final. The petition only states that Petitioner was convicted on January 29, 2009, and appealed to the California Court of Appeals, Fifth Appellate District. (ECF No. 1 at 1, 3).[3] Petitioner had one year from the conclusion of direct review, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. It appears that Petitioner may have filed the instant petition beyond the expiration of the statute of limitations because it has been more than seven years since

---

[3] Page numbers refer to the ECF page numbers stamped at the top of the page.

Petitioner's conviction and the petition itself states that Petitioner's "delay in claimed grounds for relief" was due to not having "new evidence." (ECF No. 1 at 3).

1. Statutory Tolling Pursuant to 28 U.S.C. § 2244(d)(2)

Section 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. Petitioner states that he currently has a state habeas corpus petition "in process seeking relief through SB 261 bill." (ECF No. 1 at 4). If the limitations period had already expired at the time the state collateral challenge was filed, the collateral challenge has no tolling consequences. See Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000). As Petitioner has not responded to the order to show cause, it is unclear whether Petitioner is entitled to statutory tolling.

2. Equitable Tolling

The limitations period also is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of alleging facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418. The petition states that Petitioner's delay in filing the instant federal petition was due to not having new evidence. However, as Petitioner failed to respond to the order to show cause, Petitioner has not explained how lack of new evidence prevented him from timely filing and or demonstrated that he has been pursuing his rights diligently.

**III.**

**RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE for nonexhaustion and untimeliness.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within

**THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 22, 2016**

UNITED STATES MAGISTRATE JUDGE