UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR OCHOA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CORCORAN STATE PRISON WARDEN,<br><br>　　　　　Respondent. | No.  1:16-cv-0575-DAD-SAB-HC<br><br>ORDER DENYING RECONSIDERATION OF DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. No. 11) |

   Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

   On May 25, 2016, the assigned magistrate judge issued an order requiring petitioner to show cause why his petition should not be dismissed due both to his apparent failure to first exhaust his claims in state court and untimeliness.  (Doc. No. 6.)  The order to show cause was served on petitioner with notice that his response thereto should be filed within thirty (30) days of the date of service of the order and petitioner was forewarned that his failure to follow the order would result in the dismissal of his petition.  (*Id.*)  When petitioner failed to respond to the order to show cause within the required time, on July 25, 2016 the magistrate judge issued findings and recommendations recommending that the petition be dismissed without prejudice as untimely and unexhausted.  (Doc. No. 7.)  The findings and recommendations were served on petitioner with

1

notice that any objections thereto were to be filed within thirty (30) days of the date of service of the order. Petitioner failed to file any objections to the findings and recommendations, and on September 14, 2016, the court dismissed the petition and entered judgment. (Doc. Nos. 8, 9.)

On October 18, 2016,[1] thirty-four days after judgment was entered, petitioner filed a belated response to the magistrate judge's order to show cause. (Doc. No. 11.) Therein, petitioner informs the court that he has state habeas cases currently pending. Petitioner also acknowledges violating both the limitation period for commencing this action and the deadline set forth in the court's order to show cause, but "requests the court's pardon . . . based on [petitioner's] negligence in the legal process and lack of resources to assist." (Doc. No. 11 at 1.) The court construes petitioner's submission as a motion for relief from judgment. *See Bernhardt v. Los Angeles County*, 339 F.2d 920, 925 (9th Cir. 2003) (courts have a duty to construe *pro se* pleadings and motions liberally).

Pursuant to Federal Rule of Civil Procedure 60(b)(1), the court may relieve a party from a final judgment due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Excusable neglect 'encompass[es] situations in which the failure to comply with a filing deadline is attributable negligence,' and includes 'omissions caused by carelessness.'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (alteration in original) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394, 388 (1993)). In order to determine whether neglect is excusable, the court must "conduct the equitable analysis specified in *Pioneer* by examining 'at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.'" *Lemoge*, 587 F.3d at 1192 (quoting *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000)).

The court need not reach the *Pioneer* analysis here, however, because even if the court were to grant relief from judgment, petitioner has nevertheless failed to establish that his claims

---

[1] Pursuant to the mailbox rule, a *pro se* prisoner's document is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." *Hernandez v. Spearman*, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting *Houston v. Lack*, 487 U.S. 266, 276 (1988)). The response was dated October 18, 2016.

are exhausted or timely presented. Petitioner has not informed the court whether each of his claims has been presented to the California Supreme Court, and he acknowledges that his state habeas petitions are still pending. Further, petitioner appears to acknowledge that the pending federal petition is untimely, regardless of its lack of exhaustion. (Doc. No. 11 ("I know I've violated limitations period and show cause order (30 days) time period in this filed habeas corpus.").) Because it appears that the granting of relief from judgment under Rule 60(b)(1) would be futile here because the petition is still unexhausted and untimely, the court will deny petitioner's motion.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of relief, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. In *United States v. Winkles*, the Ninth Circuit held that a certificate of appealability "is required to appeal the denial of a Rule 60(b) motion for relief from judgment arising out of the denial of a section 2255 motion." 795 F.3d 1134, 1142 (9th Cir. 2015). If a court denies a Rule 60(b) motion in a § 2255 proceeding, a certificate of appealability should only issue if "(1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion and (2) jurists of reason would find it debatable whether the underlying section 2255 motion states a valid claim of the denial of a constitutional right." *Winkles*, 795 F.3d at 1143. "Given that section 2255 'was intended to mirror § 2254 in operative effect,' and that the language used in sections 2253(c)(1)(A) and (c)(1)(B) is functionally identical," *id.* at 1141 (citations omitted), the court will apply the standard set forth in *Winkles* to determine whether a certificate of appealability should issue regarding the denial of petitioner's Rule 60(b) motion for relief from judgment arising out of the dismissal of his § 2254 petition. Here, the court finds that jurists of reason would not find it debatable whether the court abused its discretion in denying the Rule 60(b) motion for relief from judgment. Because both prongs of the standard must be satisfied and petitioner has failed to meet one of them, he is not entitled to a certificate of appealability under *Winkles*.

/////

Accordingly, for the reasons set forth above:

1. Petitioner's response to the order to show cause (Doc. No. 11), which the court construes as a Rule 60(b) motion for relief from judgment, is denied; and

2. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **January 31, 2017**

_____
UNITED STATES DISTRICT JUDGE